UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE LUIS VALEZ CHAVEZ,<br><br>      *Plaintiff*,<br>   v.<br><br>JAMES MCHENRY,<br>   as Director, Executive Office for Immigration Review;<br><br>H. KEVIN MART,<br>   as Acting Assistant Chief Immigration Judge, Executive Office for Immigration Review;<br><br>CHARLES CONROY,<br>   as Immigration Judge, Executive Office for Immigration Review;<br><br>DARA REID,<br>   as Immigration Judge, Executive Office for Immigration Review;<br><br>JEFFREY A. ROSEN,<br>   as Acting Attorney General, U.S. Department of Justice.<br><br>      *Defendants.* | Case No. 21-296<br><br><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

**PRELIMINARY STATEMENT**

1. Plaintiff, Jose Luis Valez Chavez (Mr. Valez), requests this Court order Defendants to provide him with a bond hearing in which the Government bears the burden of proof by clear and convincing evidence.

2. Mr. Valez has lived in the United States for over fifteen years and has a pending application for asylum. He was arrested by the Department of Homeland Security (DHS) on February 28, 2020 and has been imprisoned by DHS for more than ten months at various county jails pursuant to the discretionary immigration detention provision at 8 U.S.C. § 1226(a).

3. The immigration judge (IJ) afforded Mr. Valez a bond hearing under § 1226(a), but held that Mr. Valez, rather than DHS, carried the burden of proof at that hearing. The IJ then denied bond, finding that Mr. Valez had not met his burden to establish he does not present a danger to the community.

4. A subsequent IJ denied Mr. Valez's renewed request for a bond hearing in which the Government bears the burden of proof, holding that "[t]he Court cannot schedule a custody hearing in this case, where DHS bears the burden of proof, unless directed by a district court, as it was in *Velasco-Lopez v. Decker*." ECF No. 1-5.

5. There is an "overwhelming consensus of judges in this District" that when immigration authorities detain an individual under § 1226(a), the government must demonstrate that incarceration is necessary. *Fernandez Aguirre v. Barr*, No. 19-cv-7048 (VEC), 2019 WL 3889800, at *3 (S.D.N.Y. Aug. 19, 2019) (collecting cases)).

6. The Second Circuit recently affirmed this consensus as applied to an individual who had been detained for fifteen months, holding that under such circumstances, the government must

1

justify immigration detention by clear and convincing evidence. *See Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020).

7. Requiring Mr. Valez to bear the burden of proof to establish that he was not a danger to the community nor a risk of flight, and refusing to hold a new bond hearing in which DHS must carry this burden of proof, violated his procedural due process rights, the Immigration and Nationality Act (INA), and the Administrative Procedure Act (APA).

8. Accordingly, this Court should order Defendants to provide Mr. Valez with a new and constitutionally adequate bond hearing without further delay.

## PARTIES

9. Plaintiff Jorge Luis Valez Chavez has been detained by Respondents since February 28, 2020 in connection with his removal proceedings at the Varick Street Immigration Court in New York, New York. Plaintiff was first detained at the Orange County Jail in Goshen New York and is presently detained at the Bergen County Jail in Hackensack, New Jersey. Prior to his detention, Plaintiff resided in Middletown, New York.

10. Defendant Charles Conroy is named in his official capacity as Immigration Judge for the Executive Office of Immigration Review. He is responsible for administering the immigration laws and presiding over removal proceedings and immigration custody proceedings. He issued the order holding that Petitioner must bear the burden of proof in his bond hearing and denying bond. His address is 201 Varick Street, Room 1140, New York, New York 10014.

11. Defendant Dara Reid is named in her official capacity as Immigration Judge for the Executive Office of Immigration Review. She is responsible for administering the immigration laws and presiding over removal proceedings and immigration custody proceedings. She issued the order denying Plaintiff a new bond hearing under *Velasco Lopez v. Decker*. Her address is 201

Varick Street, Room 1140, New York, New York 10014.

12. Defendant H. Kevin Mart is named in his official capacity as Acting Assistant Chief Immigration Judge for the Executive Office of Immigration Review. He is responsible for administering the immigration laws, oversight of the Varick Street Immigration Court, and presiding over removal proceedings and immigration custody proceedings. If this Court orders Defendants to provide Plaintiff with a constitutionally adequate bond hearing, Defendant Mart would be responsible for ensuring compliance with that order. His address is 201 Varick Street, Room 1140, New York, New York 10014.

13. Defendant James McHenry is named in his official capacity as Director of the Executive Office for Immigration Review (EOIR). He is responsible for the oversight of immigration proceedings, including oversight of immigration judges, and ensuring that these proceedings are conducted in accordance with all applicable laws. His address is 5107 Leesburg Pike, Falls Church, Virginia 22041.

14. Defendant Jeffrey A. Rosen is named in his official capacity as Acting Attorney General of the United States. He is responsible for the administration of the immigration laws as exercised by EOIR pursuant to 8 U.S.C. § 1103(g). He routinely transacts business in the Southern District of New York and is legally responsible for administering Plaintiff's removal proceedings and the standards used in those proceedings. Defendant Rosen's office is in the U.S. Department of Justice, 950 Pennsylvania Ave., Washington, DC 20530.

## JURISDICTION

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the matter in controversy arises under the Constitution and laws of the United States, including the Due Process Clause to the Fifth Amendment of the United States Constitution and the

Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*.

16. Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act.

**VENUE**

17. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(e)(1)(B). This is an action against officers and agencies of the United States acting in their official capacities. Defendants Hart, Reid, and Conroy have their principle place of business at the Varick Street Immigration Court which lies within this District at 201 Varick Street, New York, New York. Plaintiff's immigration proceedings are occurring at the Varick Street Immigration Court, the orders denying Plaintiff bond and denying him a constitutionally adequate bond hearing were issued by Defendants Conroy and Reid at the Varick Street Immigration Court, and Plaintiff's residence prior to detention was within this District in Middletown, New York.

**STATEMENT OF FACTS**

18. Mr. Valez is a 31-year-old Mexican-born man who has lived in the United States for more than fifteen years. ECF No. 1-1, Plaintiff's Declaration (Pl. Decl.), at ¶¶ 1-2. He lived in Middletown, New York from 2013 until his arrest by immigration enforcement in February 2020. *Id.* at ¶ 2.

19. Mr. Valez has one criminal conviction and one open criminal case. ECF No. 1-2 (Criminal Case Records). On February 6, 2014, he was convicted for the class "B" misdemeanor of attempted offering of a false instrument for filing in the second degree, in violation of New York Penal Law (NYPL) §§ 110 & 175.30, and sentenced to a $250 fine. *Id.* at 1.

20. Mr. Valez's open criminal case arises from an allegation, now recanted, that Mr. Valez

4

inappropriately touched the 12-year-old daughter of his long-time partner. *Id.* at 3-5. After learning of this allegation, Mr. Valez voluntarily surrendered himself at the City of Middletown Police Department in Orange County, New York, where he was charged with sexual abuse in the first degree under NYPL § 130.65(4) (a class "D" felony) and endangering the welfare of a child under NYPL § 260.10(1) (a class "A" misdemeanor). *Id.*

21. On January 23, 2020, the Orange County District Attorney's Office filed a letter with the criminal court pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), stating that the complainant against Mr. Valez told her mother that she had lied about the allegation. *Id.* at 5.

22. On February 29, 2020, Mr. Valez was released on his own recognizance by the Middletown City Court. Pl. Decl. at ¶ 8.

23. On December 21, 2020, the felony complaint against Mr. Valez was dismissed and the top charge was reduced to the "A" misdemeanor of sex abuse in the second degree under NYPL § 130.60. ECF No. 1-2 at 3-4.

24. At the time of his release from criminal custody, however, Mr. Valez was immediately transferred to immigration custody at the Orange County Jail due to an immigration detainer. Pl. Decl. at ¶ 8. He was placed in removal proceedings at the Varick Street Immigration Court based on his status as an undocumented immigrant. *Id.* at ¶ 3. Around October 13, 2020, Mr. Valez was transferred to the Bergen County Jail in New Jersey, where he remains to-date. *Id.* at ¶ 3.

25. Mr. Valez's immigration detention is governed by 8 U.S.C. § 1226(a). Immigration Judge (IJ) Conroy held Mr. Valez's § 1226(a) bond hearing on June 16, 2020, three and a half months after Mr. Valez was initially detained by DHS. Pl. Decl. at ¶ 12. Mr. Valez submitted evidence, including the District Attorney's *Brady* letter, and gave sworn testimony in support of his bond

request. *Id*. Counsel for DHS did not submit any evidence. *Id.* Contrary to the argument of Mr. Valez's immigration counsel, IJ Conroy held that Mr. Valez bore the burden of proof in that bond hearing. *Id.* He then found that Mr. Valez did not meet his burden to prove that he is not a danger to the community and denied bond. *Id.*; ECF No. 1-3 (IJ bond denial).

26. On August 12, 2020, IJ Reid denied Mr. Valez's applications for asylum, withholding of removal, and protection under the Convention Against Torture. Pl. Decl. at ¶ 14. Mr. Valez filed a timely appeal which remains pending. *Id.* at ¶ 24.

27. On December 22, 2020, Mr. Valez's immigration counsel filed a motion requesting that he, as a § 1226(a) immigration detainee of 10 months with ongoing removal proceedings, be provided with a bond hearing complying with the requirements of *Velasco Lopez*, 978 F.3d 842 (2d Cir. 2020). ECF No. 1-4. IJ Reid denied the motion on December 29, 2020, stating only: "The Court cannot schedule a custody hearing in this case, where DHS bears the burden of proof, unless directed by a district court, as it was in *Velasco-Lopez v. Decker*." ECF No. 1-5.

28. Immigration Counsel for Mr. Valez has also filed various requests for ICE to release Mr. Valez pursuant to *Fraihat v. ICE*, No. 5:19-cv-01546 (JGB)(SHK), Dkt. No. 132, (C.D. Cal. Apr. 20, 2020), because he suffers from Post-Traumatic Stress Disorder (PTSD) and has a history of smoking. ECF No. 1-6 (requests for release under *Fraihat*). These factors put Mr. Valez at increased risk of complications from COVID-19. *Id.* To date, ICE has not issued a decision on these requests. Pl. Decl. at ¶ 23.

## CLAIMS FOR RELIEF

### COUNT ONE
### DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

29. Plaintiff realleges and incorporates by reference paragraphs 1-28.

30. Defendant's failure to hold a bond hearing in which the Government proves by clear and convincing evidence that Mr. Valez's detention is necessary to prevent future danger to the public or risk of flight violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

31. The Supreme Court has repeatedly held that due process requires the jailer to justify the necessity of preventative civil detention and must do so under a heightened standard of proof. *See, e.g.*, *Foucha v. Louisiana*, 504 U.S. 71, 81-82, 86 (1992) (holding unconstitutional state civil insanity detention statute "that place[d] the burden on the detainee to prove that he is not dangerous"); *Kansas v. Hendricks*, 521 U.S. 346, 368 (1997) (upholding involuntary civil commitment of certain sex offenders but requiring "strict procedural safeguards" including right to jury trial and proof beyond a reasonable doubt); *Cooper v. Oklahoma*, 517 U.S. 348, 363 (1996) ("[D]ue process places a heightened burden of proof on the State in civil proceedings in which the individual interests at stake…are both particularly important and more substantial than mere loss of money.") (citation and quotation marks omitted).

32. The Second Circuit recently confirmed these protections apply to immigration detainees under § 1226(a). *Velasco Lopez v. Decker*, 978 F.3d 842, 855-56 (2d Cir. 2020) (affirming district court ruling that petitioner subjected to 15 months' immigration detention was entitled to bond hearing in which Government bore clear and convincing evidentiary burden).

33. Thus, the civil nature and length of Mr. Valez's 10 months of immigration detention requires that the Government bear the burden of proof to justify his imprisonment. *E.g., Arana v. Decker*, No. 20-cv-4104 (LTS), 2020 WL 7342833, at *1 (S.D.N.Y. Dec. 14, 2020) (due process required provision of burden-shifted bond hearing to § 1226(a) detainee of nine months).

34. As various courts in this District have held, due process also requires that the immigration judge consider whether any perceived risk of danger or flight can be adequately mitigated through alternatives to detention, and must meaningfully consider the detainee's ability to pay before setting a monetary bond. *E.g.*, *Sanchez v. Decker*, 431 F.Supp.3d 310, 316-17 (S.D.N.Y. 2019) (collecting cases).

35. Defendants' refusal to provide Mr. Valez with a bond hearing complying with these requirements violates due process.

## COUNT TWO
## IMMIGRATION AND NATIONALITY ACT, 8 U.S.C. § 1226(a)

36. Plaintiff realleges and incorporates by reference paragraphs 1-35.

37. Defendants' ruling that Mr. Valez must carry the burden of proof in his bond hearing violated the INA's "discretionary" detention provision at 8 U.S.C. § 1226(a).

38. Where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Nken v. Holder*, 556 U.S. 418, 430 (2009).

39. Section 1226(a)—in contrast to other INA provisions that explicitly require certain noncitizen detainees to prove their fitness for release—is silent as to burden of proof.

40. For example, the predecessor provision to § 1226 only specified that individuals with *aggravated felony* convictions should carry the burden of proof as to fitness for release. 8 U.S.C. § 1252(a)(2)(B) (1995). And the current version of § 1226 only requires that *noncitizen cooperating witnesses with an enumerated criminal conviction* carry the burden as to fitness for release. 8 U.S.C. § 1226(c).

8

41. Further, Defendant's imposition of the burden of proof on Mr. Valez is not supported by 8 C.F.R. § 236.1(c)(8) which, by its plain text, applies only to custody determinations made by arresting immigration enforcement officers, not to bond rulings made by immigration judges.

42. The bond hearing provided to Mr. Hernandez therefore did not comport with the procedures applicable under § 1226(a), which require the Government to bear the burden of justifying Mr. Valez's detention.

## COUNT THREE
## ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(1)-(2)

43. Plaintiff realleges and incorporates by reference paragraphs 1-42

44. The Administrative Procedure Act provides that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

45. The statute further provides that the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed," *id.* at § 706(1), and "hold unlawful and set aside agency action, findings, and conclusions found to be….arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "contrary to constitutional right, power, privilege, or immunity," *id.* at § 706(2)(A)-(B).

46. Defendants' failure to provide Mr. Valez with a bond hearing in which the Government bears the burden of proof reflects an arbitrary and capricious interpretation of 8 C.F.R. 236.1(c) and an unreasoned departure from past precedent.

47. Defendants' failure to provide Mr. Valez with a bond hearing in which the Government bears the burden of proof is contrary to 8 U.S.C. 1226(a), and is therefore arbitrary, capricious, and not in accordance with the law.

48. Defendants' failure to provide Mr. Valez with a bond hearing in which the Government bears

the burden of proof by clear and convincing evidence is a violation of the Due Process Clause, and is therefore not in accordance with law and contrary to constitutional right.

49. Mr. Valez has no other adequate remedy in court to redress Defendants' failure to provide him with the bond procedures required by due process and the INA.

50. Defendants' failure to provide Mr. Valez with such a bond hearing has caused and continues to cause him substantial and concrete harm.

51. Accordingly, Defendants are in violation of the APA. 5 U.S.C. §§ 706(1), (2)(A)-(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Hold unlawful and set aside Defendants' decision denying Plaintiff a bond hearing in which the Government must prove, by clear and convincing evidence, that he presents a future danger to the community or a risk of flight that cannot be mitigated by an alternative to detention or reasonable bond, on the ground that Defendants' decision violates the Due Process Clause of the Fifth Amendment to the United States Constitution;

3) Hold unlawful and set aside Defendants' decision denying Plaintiff a bond hearing in which the Government bears the burden of proof to establish future dangerousness or flight risk, on the ground that Defendants' decision violates 8 U.S.C. § 1226(a) and is arbitrary and capricious;

4) Order that, within seven days of this Court's order, Defendants must comply with the Due Process Clause and 8 U.S.C. § 1226(a) by holding a bond hearing at which the Government must prove, by clear and convincing evidence, that Plaintiff presents a future danger to the community or a risk of flight that cannot be mitigated by an alternative to detention or reasonable bond;

5) Award Plaintiff his costs and reasonable attorneys' fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other statute; and

6) Grant any other and further relief that this Court deems just and proper.

Dated: January 14, 2021                                  Respectfully submitted,
Brooklyn, New York

                                                         */s/ Zoey Jones*
                                                         Zoey Jones, Esq.
                                                         Brooklyn Defender Services
                                                         156 Pierrepont Street
                                                         Brooklyn, NY 11201
                                                         Mobile: (206) 599-9834
                                                         Fax: (347) 325-9111
                                                         Email: zjones@bds.org

                                                         *Counsel for Plaintiff*