

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

January 19, 2021

**By ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *Valez-Chavez v. McHenry*, 21-cv-296 (ALC)

Dear Judge Carter:

  This Office represents the government in the above-referenced case brought pursuant to the Administrative Procedure Act ("APA"), in which the plaintiff—a detained alien—challenges his current immigration detention and seeks a new bond hearing with certain procedures. Over the weekend, the plaintiff filed a motion for a preliminary injunction, seeking to expedite the ultimate relief that he seeks in this action (*i.e.*, a new bond hearing with additional procedures). For the reasons stated below, I write respectfully to request that the Court stay briefing on the plaintiff's motion for a preliminary injunction pending resolution of the government's motion to dismiss, which the government is filing simultaneously with this letter motion.

  On Thursday, January 14, 2021, the plaintiff filed the instant complaint pursuant to the APA seeking an order from this Court directing the government to provide him with a bond hearing at which ICE bears the burden by clear and convincing evidence of demonstrating that the plaintiff is either a danger to the community or a flight risk. *See* Compl. (ECF No. 1) ¶¶ 1-8 & Prayer for Relief. On Sunday, January 17, 2021, the plaintiff filed a motion for a preliminary injunction seeking the same relief. ECF Nos. 5, 6. The government's opposition to that motion is currently due by February 2, 2021. However, the government is promptly moving to dismiss this action for lack of jurisdiction, or in the alternative for failure to state a claim, because the plaintiff has an adequate alternative remedy, *i.e.*, a habeas petition pursuant to 28 U.S.C. § 2241. The existence of that alternative remedy—which is well known to plaintiff's counsel who routinely litigates habeas petitions in this District—precludes judicial review under the APA, and thus there is no waiver of sovereign immunity in this action. Consequently, the Court lacks subject matter jurisdiction over this action. Alternatively, given that habeas is an adequate alternative remedy at law, this action is subject to dismissal for failure to state a claim because the plaintiff fails to satisfy the APA's requirements for judicial review.

  The Court should stay briefing on the plaintiff's motion for a preliminary injunction (essentially, the merits of the case) pending the resolution of the government's motion to dismiss. The government raises threshold issues that would preclude suit in this case, and such issues should be decided before the parties and the Court unnecessarily expend resources addressing the

The Honorable Andrew L. Carter, Jr.
January 19, 2021
Page 2

merits of the plaintiff's case. As explained above, the plaintiff cannot proceed in this case under the APA. Instead, the plaintiff must bring his challenges in a § 2241 habeas petition (filed in the proper court, *i.e.*, the District of New Jersey, his district of confinement). As explained in the government's motion to dismiss, the plaintiff cannot avoid the venue rules for § 2241 habeas challenges by choosing to file a complaint pursuant to the APA to challenge his current detention instead of a § 2241 habeas petition.

Accordingly, the Court should stay briefing on the plaintiff's motion for a preliminary injunction pending the Court's resolution of the government's motion to dismiss. In somewhat similar circumstances, other judges in this District have specifically declined to require the government to brief the merits of habeas petitions while the government moved to dismiss/transfer the cases. *See, e.g., Almazo v. Decker*, No. 18-cv-9941 (PAE), ECF No. 15 (Nov. 7, 2018) ("The Court denies petitioner's request to compel full merits briefing while respondents' motion to dismiss or transfer is pending."); *Alsomairi v. Dawson*, No. 18-cv-7000 (PGG), ECF No. 8 (Aug. 4, 2018) (vacating Part I judge's order to show cause on the petition and requiring the parties to address only venue); *cf. Ragbir v. Homan*, No. 18 Civ. 1159 (PKC), ECF No. 70 (Order) (S.D.N.Y. Mar. 26, 2018) (denying plaintiffs' request for leave to conduct expedited discovery in support of preliminary injunction motion, relying on *In re United States* and stating that the plaintiffs' request for discovery "would result in the Court similarly putting the cart before the horse," because the government had argued that the court lacked subject matter jurisdiction).

Lastly, while the government recognizes that the plaintiff may wish to seek prompt review of his case and challenge to his immigration court bond hearing (and current detention), the plaintiff has an adequate forum for this case (through a properly filed habeas petition) in the District of New Jersey. Indeed, Judge Caproni explained:

> [H]abeas petitioners, like all other litigants, must follow the basic rules of law and procedure. Petitioner chose to bring this case in this District, knowing full well the jurisdictional battle that she would face. . . . She cannot now be heard to complain about procedural injustice, when she could have brought this case in the proper district in the first instance.

*SNC v. Sessions*, 325 F. Supp. 3d 401, 411 (S.D.N.Y. 2018). The same is true here, where the plaintiff's counsel, Brooklyn Defender Services, routinely files habeas petitions on behalf of aliens challenging their current detention, including on the same grounds that the plaintiff seeks to challenge his current detention here, *i.e.*, based on a challenge to the bond hearing standard.

For the forgoing reasons, the Court should stay briefing on the plaintiff's motion for a preliminary injunction.

The Honorable Andrew L. Carter, Jr.
January 19, 2021
Page 3

    I thank the Court for its consideration of this request.

                              Respectfully,

                              AUDREY STRAUSS
                              United States Attorney for the
                              Southern District of New York

By:   /s/ *Brandon M. Waterman*
        BRANDON M. WATERMAN
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.   (212) 637-2741

cc:     Counsel of Record (by ECF)