UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JORGE LUIS VALEZ–CHAVEZ,

                Plaintiff,

                21-CV-296 (ALC)

      - against -

                ORDER DENYING MOTION TO
JAMES MCHENRY. et al,               DISMISS

                Defendant.
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

On February 28, 2020, in connection with removal proceedings at the Varick Street Immigration Court in New York City, immigration officials locked up Jorge Luis Valez‑Chavez, denying him bond since he failed to prove that he was not a danger to the community. Plaintiff seeks an order directing an immigration judge to conduct a bond hearing, requiring the government to justify detention—instead of forcing the Plaintiff to justify release. In the context of prolonged detention, the Second Circuit has held that a bond hearing with the government bearing the burden of proving dangerousness and risk of flight by clear and convincing evidence is necessary. *Velasco Lopez v. Decker*, 978 F. 3d 842, 855-856 (2d Cir. 2020). Like the petitioner in *Velasco Lopez*, the plaintiff could seek an order requiring this type of bond hearing through a writ of habeas corpus.

However, the plaintiff is mewed up in New Jersey, in the Third Circuit. Although the Second Circuit hasn't addressed the issue of where the habeas petition must be brought, the

majority of district courts in the Second Circuit have held that if the plaintiff is immured in New Jersey, the habeas petition must be brought there.[1]

Instead of filing a habeas petition, Plaintiff seeks injunctive relief under the Administrative Procedure Act. Plaintiff is motivated, at least in part, to bring this action through the APA to take advantage of binding Second Circuit law, rather than risk a contrary ruling in New Jersey, since the Third Circuit has not definitively ruled that the plaintiff would be entitled to the type of bond hearing endorsed by *Velasco Lopez*.

But a plaintiff may not pursue a claim under the APA if he has another adequate remedy in a court. Since the plaintiff could file a habeas petition in a New Jersey district court, Defendants have moved to dismiss the Plaintiff's APA claim for lack of jurisdiction. The question turns on whether the Plaintiff's opportunity to pursue his claim via a writ of habeas corpus constitutes an adequate remedy under 5 U.S.C. § 704. It does not. The motion is denied.

FACTUAL BACKGROUND

Prior to February 28, 2020, Plaintiff Jorge Luis Valez Chavez lived in Middletown, New York. Since then, he has been detained in connection with his removal proceedings that took

---

[1] *Rumsfeld v. Padilla,* 542 U.S. 426, 434 (2004) established a "default rule" for "habeas challenges to present physical confinement"—commonly known as "core" habeas challenges—that "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." While the *Padilla* Court did not address the immigration context, the majority of judges in this district, including me, have concluded that *Padilla's* "immediate custodian" rule applies with equal force to "core" habeas immigration proceedings. The majority of judges in this district have reached the same conclusion where a petitioner is detained in a state facility pursuant to the facility's contract with ICE. *See,* for example, *Darboe*, 442 F. Supp. 3d 592, *Silah*, 2019 WL 1219438, as well as this Court's prior orders in *De Melo*, 20-CV-2643, Dkt. 28, and *Pena*, 20-cv-2482, Dkt. 22.

place at the Varick Street Immigration Court in New York, New York. An immigration judge for the Executive Office of Immigration Review held that Plaintiff must bear the burden of proof and denied bond. A separate immigration judge denied Plaintiff's request for a new bond hearing in which the government would bear the burden of justifying detention by clear and convincing evidence. Both immigration judges work at 201 Varick Street, New York, NY. At first, Valez-Chavez was confined at the Orange County Jail in Goshen New York; now, he is detained at the Bergen County Jail in Hackensack, New Jersey. (ECF 1, pages 3-4, paragraphs 9-12).

PROCEDURAL HISTORY

Plaintiff filed the complaint on January 14, 2021; the motion for a preliminary injunction was filed on January 17, 2021. (ECF 1, 5). On January 19, 2021, Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction. (ECF 8). On January 26, the plaintiffs filed an opposition. (ECF 14). On January 27, I held a conference and stayed briefing on the preliminary injunction pending resolution of the motion to dismiss. (ECF 15). The defendant's reply to the motion to dismiss was filed on January 29. (ECF 17). Oral argument was held on February 24. (ECF 24). Supplemental briefing was submitted on March 10 and March 17. (ECF 30, 31, 32, 33). On May 22, based on a footnote in the defendant's brief, I ordered the parties to file supplemental letter briefs on the question of final agency action.[2]

---

[2] Final agency action is another requirement under 5 U.S.C. § 704. On May 28, the defendant withdrew its argument that final agency action had not been satisfied; on June 1, the plaintiff filed a letter, agreeing with Defendant.

LEGAL STANDARD

As a threshold matter, the court must examine whether it has subject matter jurisdiction since the existence of subject matter jurisdiction invokes the court's constitutional or statutory authority to adjudicate the claims before it.[3] *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Challenges to subject matter jurisdiction may be raised by the parties or by the court *sua sponte*. *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991).

"[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Bd. of Educ. of Mt. Sinai Union Free Sch. Dist. v. N.Y. State Teachers Ret. Sys.*, 60 F.3d 106, 109 (2d Cir. 1995) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990)). "[W]e must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs." *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Rather, Plaintiffs must prove subject matter jurisdiction exists by a preponderance of the evidence. *Makarova*, 201 F.3d at 113.

---

[3] It is not clear if the bar in 5 U.S.C. § 704 is a jurisdictional one or a bar to an element of a claim for relief. Like the Second Circuit in *Sharkey*, since I find that the threshold requirements for an APA action have been met, I will not decide the difficult question of whether these threshold requirements are jurisdictional. *Sharkey v. Quarantillo*, 541 F. 3d 75, 88 (2d Cir. 2008) (citing *Eberhardt v. United States*, 546 U.S. 12, 17 (2005)).

DISCUSSION

*A.     Under the No Other Adequate Remedy Prong of Section 704, Even if Another Statute Provides Relief, a Claim Under the APA is not Barred Unless Congress Created the Other Statute as a Special Review Procedure.*

APA Section 704 is entitled "Actions Reviewable." It reads, "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

A plain reading of § 704 suggests that review of final agency action will be barred if another statute affords the plaintiff an opportunity to seek, in court, the same relief sought under the APA. Here, the relief sought by plaintiffs—a ruling that the immigration bond hearing must be conducted with the government bearing the burden of proof by clear and convincing evidence—is certainly available through another statute, the writ of habeas corpus. In fact, in this circuit that issue has been resolved by *Velasco Lopez*. If the opportunity to seek commensurate relief suffices for adequacy, the defendants are right, and the case must be dismissed.

However, the Supreme Court dictates that in order for 5 U.S.C. § 704 to preclude relief, there must be not only a commensurate remedy available in a court, but also that the remedy must be enveloped in a statute created by Congress as a special review procedure.

In *Bowen*, the Secretary of Health and Human Services argued that § 704 precluded review of agency action in the district court because the plaintiff could similarly obtain monetary relief in the claims court under the Tucker Act. *Bowen v. Massachusetts*, 487 U.S. 879, 904 (1988). The court held that "This restrictive—and unprecedented—interpretation of Section 704 should be rejected because the remedy available to the State in the Claims Court is plainly not the kind of ""*special and adequate review procedure*"" that will oust a district court of its normal jurisdiction under the APA." *Id*. (emphasis added).

Explaining the purpose behind § 704, the court stated, "When Congress enacted the APA to provide a general authorization for review agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies." *Bowen* at 903. The court continued, "The exception that was intended to avoid such duplication should not be construed to defeat the central purpose of providing a broad spectrum of judicial review of agency action." *Id*.

*Bowen* requires that, in order for § 704 to preclude relief, there must be a Congressionally-created mechanism that is not only sufficient, but special. In addition to providing an opportunity to seek relief, the alternative remedy must be adequately bespoke—customized by Congress to cover the claims at issue.

The Second Circuit applied *Bowen* in *Larson v. United States*. *Larson v. United States*, 888 F.3d 578 (2nd Cir. 2018). In *Larson*, the court simultaneously discussed § 704's limits with

limits under § 701 and § 702. Accordingly, before discussing *Larson*, a brief description of these other limits is appropriate.

5 U.S.C. § 701(a) states that "This chapter applies, according to the provisions thereof, except to the extent that 1) statutes preclude judicial review, or 2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

5 U.S.C. § 702 is entitled "Right of Review." It reads, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein 1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate or legal ground; or 2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702.

§ 701 (a)(1), § 702(2) and § 704 all address the APA's applicability when viewed in light of a separate, non-APA statute. § 701(a)(1) and §702(2) will not brook an APA claim when the non-APA statute forbids judicial review. But an analysis of § 704 is necessary when the non-APA statute allows judicial review. Because all three limits require courts to decide if the non-APA statute provides a remedy, courts frequently conduct an analysis of these limits simultaneously.

*Larson* started its analysis stating that, "APA review is limited to 1) final agency action 2) not committed to agency discretion by law 3) where Congress has not implicitly or explicitly precluded judicial review." *Larson* at 585 (citing *Sharkey v. Quarantillo*, 541 F. 3d 75, 84 (2d Cir. 2008). These three limitations refer to 5 U.S.C. § 704, § 701(a)(2) and § 702(2), § 701(a)(1). *See Sharkey* at 87-88. The court added that the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Larson* at 585, citing *Bowen*.

In *Larson*, like this case, final agency action is not in dispute. But the court held that Larson's "claim runs into difficulty, however, when analyzing whether Congress implicitly or explicitly precluded judicial review, and whether Congress has provided for ""special and adequate review." To hold that an alternative remedy is bespoke enough to preclude an APA claim, courts must find, by clear and convincing evidence, congressional intent to create that alternative remedy as a special review procedure. (*"This Court has noted that the APA's strong presumption of judicial review of administrative action requires clear and convincing evidence of congressional intent to overcome." Larson* at 585 (citing *Sharkey* at 84)).

The *Larson* court decided that Congress implicitly precluded Larson's claim by enacting the non-APA statute, 26 U.S.C. § 6707, when read in conjunction with 28 U.S.C. § 1346(a)(1). *Larson* at 586. In the alternative, the court analyzed what would happen if Congress did not preclude judicial review. In this alternative analysis, there would be no limits under the non-APA statute, so there would be no issue under § 701(a) or § 702. Larson would have a non-APA opportunity to seek relief in a court. But the court found that the non-APA statute was established by Congress as a special review procedure; therefore, the APA claim would fail under § 704's adequacy as bespokeness prong. ("Even if Congress did not implicitly preclude judicial review, Congress has provided special and adequate review procedures, and APA review is therefore inappropriate." *Id*. ).

As previously discussed, Valez-Chavez has a non-APA opportunity to seek relief in a court through a writ of habeas corpus; therefore, § 704 applies. I now must decide whether the writ of habeas corpus is adequately bespoke.

*B.   The Writ of Habeas Corpus Was Not Created by Congress as a Special Review Procedure*.

In *Larson*, the court found Congressional intent to custom-fit 28 U.S.C. § 1346 (a)(1) as it relates to improperly assessed taxes. Courts have also found that Congress created FOIA as a special review procedure. *See CREW v. United States Dep't of Justice*, 846 F. 3d 1245 (D.C. Cir. 2017).

In *Gonzalez Boisson*, the district court held that 8 U.S.C. § 1503 was not created as a special statutory procedure that would preclude an APA claim. *Gonzalez Boisson v. Pompeo,* 459 F. Supp. 3d 7 (D.D.C. April 28, 2020). In explaining the Supreme Court's decision in *Rusk v. Cort*, 369 U.S. 367, 375 (1962), the *Gonzalez Boisson* court noted that the Supreme Court analyzed the text, legislative history and purpose of § 1503 before deciding "that a person outside the United States who has been denied a right of citizenship is not *confined to the procedures* prescribed by [Sections 1503(b) and (c)], and that the remedy pursued in the present case [(i.e., APA review)] was an appropriate one." *Gonzalez Boisson* at 11 (emphasis added) (internal citations omitted).

In *R.I.L.-R v. Johnson*, 80 F.Supp. 3d 164 (D.D.C. February 20, 2015), a district court held that the APA and a habeas petition could coexist in the immigration context. The court stated, "And, although Congress has expressly limited APA review over individual deportation and exclusion orders, see 8 U.S.C. § 1252(a)(5), it has never manifested an intent to *require* those challenging an unlawful, nationwide detention policy to seek relief through habeas rather than the APA." *Id* at 186. (emphasis added).

The words *confine* and *require* in *Gonzalez Boisson* and *R.I.L.-R* caution that the non-APA statute must be intentionally designed by Congress to cover certain claims to the *exclusion* of other statutes. While these out of circuit, district court cases are not binding, I find the refining of the definition of special review procedures in those cases persuasive.

Although the writ of habeas corpus is a powerful remedy, it is a general, one-size-fits-most vehicle for relief. As the Second Circuit stated in *Velasco Lopez*, "Habeas corpus…. is an ""adaptable remedy,"" the ""precise application and scope"" of which changes ""depending upon the circumstances." *Velasco Lopez* at 855 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008)).

Nothing in the text of the writ of habeas corpus, or the legislative history relied on by the government, demonstrates the customization or exclusivity needed to prove, by clear and convincing evidence, that Congress created the writ as a special and adequate review procedure within the meaning of 5 U.S.C. § 704.

The plaintiff has established subject matter jurisdiction by a preponderance of the evidence. The motion to dismiss is denied. The parties shall file a joint status report on July 26, 2021.

SO ORDERED.

Dated:     July 15, 2021
              New York, New York

                                            /s/ Andrew L. Carter, Jr.
                                      **ANDREW L. CARTER, JR.**
                                        United States District Judge