```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  August 20, 2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JORGE LUIS VALEZ CHAVEZ,

                Plaintiff,

- against -

JAMES MCHENRY, *et al.*,

                Defendants.

No. 21 Civ. 296 (ALC)

**STIPULATION AND ORDER**

---

    WHEREAS, plaintiff Jorge Luis Valez Chavez, a noncitizen in removal proceedings, brought this action challenging the immigration court's decision declining to provide him with a bond hearing at which U.S. Immigration and Customs Enforcement ("ICE") would bear the burden of demonstrating by clear and convincing evidence that he presents either a danger to the community or a flight risk, and seeking an order from this Court requiring that he be given a new bond hearing with certain criteria;

    WHEREAS, Mr. Valez Chavez was placed into removal proceedings based on his unlawful status in the United States;

    WHEREAS, following an arrest for an alleged criminal offense, ICE arrested Mr. Valez Chavez in February 2020 for the purpose of detaining him pending the conclusion of his removal proceedings, such detention being governed by the discretionary detention statute, 8 U.S.C. § 1226(a);

    WHEREAS, in June 2020, Mr. Valez Chavez received a bond hearing before an immigration judge under 8 U.S.C. § 1226(a)—at which Mr. Valez Chavez bore the burden of demonstrating that he did not present a danger to the community or a flight risk—and at the

conclusion of the hearing, the immigration judge denied Mr. Valez Chavez's request for bond, concluding that he failed to establish that he was not a danger to the community;

WHEREAS, in August 2020, an immigration judge denied Mr. Valez Chavez's applications for relief and ordered him removed, and Mr. Valez Chavez timely appealed that decision to the Board of Immigration Appeals ("BIA");

WHEREAS, in December 2020, while his merits appeal was pending, Mr. Valez Chavez requested a new bond hearing at which ICE would bear the burden by clear and convincing evidence of demonstrating that he presents a danger to the community or a flight risk; that request was denied that same month;

WHEREAS, in January 2021, Mr. Valez Chavez filed this action principally seeking an order from the Court requiring that he be given a new bond hearing with certain criteria, arguing, *inter alia*, that his June 2020 bond hearing was constitutionally insufficient because he had been required to bear the burden of demonstrating that he was not a danger or flight risk, and that the December 2021 decision to not provide him with a new hearing at which ICE would bear the burden by clear and convincing evidence was similarly unlawful;

WHEREAS, on June 29, 2021, the BIA dismissed Mr. Valez Chavez's appeal from his removal order, which rendered his removal order administratively final;

WHEREAS, Mr. Valez Chavez filed a petition for review of his removal order in the U.S. Court of Appeals for the Second Circuit, and following an agreement between the parties in that case, the matter was remanded to the BIA for further proceedings on August 10, 2021; and

WHEREAS, based on the specific facts and circumstances of this case, and without conceding the merits of the case or the correctness of the district court's decision on the motion to dismiss in this case, and without waiver or prejudice to the government's ability to defend its detention authority or bond procedures in other similar or dissimilar cases, and in the interests of

preserving party and judicial resources and expediting the resolution of this case, the government has agreed to provide Mr. Valez Chavez with a new bond hearing; therefore

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice and without costs or attorney's fees to either party.

2. The government shall, within 12 days of the date of the entry of the Court's so-ordering of this stipulation on the docket, provide Mr. Valez Chavez with an individualized bond hearing before an immigration judge at which ICE bears the burden of establishing, by clear and convincing evidence, that he poses a danger to the community or a flight risk. At that hearing, the immigration judge must consider alternative conditions of release with respect to both dangerousness and risk of flight. If the immigration judge sets a monetary bond, he or she must consider Mr. Valez Chavez's ability to pay in determining the appropriate bond amount.

3. The government shall provide counsel for Plaintiff with 3 days' notice of the bond hearing date.

4. This Court shall retain jurisdiction to enforce compliance with this stipulation and order.

5. The government has agreed to take this action based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as a concession of any rights or arguments by the government or by the Plaintiff; nor shall it be construed to require the government to provide additional bond hearings to any other noncitizen in similar or dissimilar circumstances, and this agreement shall in no way be used to undermine the government's litigation position in any other case.

| | |
|---|---|
| Brooklyn, New York<br>August 19, 2021 | New York, New York<br>August __19__, 2021 |
| BROOKLYN DEFENDER SERVICES<br>Attorney for Plaintiff | AUDREY STRAUSS<br>United States Attorney for the<br>Southern District of New York<br>Attorney for Defendants |
| /s/ Zoey Jones<br>Zoey Jones, Esq.<br>156 Pierrepont Street<br>Brooklyn, New York 11201<br>Tel.   (206) 599-9834 | Brandon M. Waterman, Esq.<br>Assistant United States Attorney<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Tel.   (212) 637-2741 |

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

August 20, 2021